# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**SHAWN PETHTEL,**

    **Petitioner,**

**v.**                                                                      **Civil Action No. 1:07cv74**
                                                                                **(Judge Keeley)**

**THOMAS MCBRIDE, Warden,**

    **Respondent.**

## ORDER DIRECTING THE RESPONDENT TO SHOW CAUSE
## ON THE LIMITED ISSUE OF THE TIMELINESS OF THE PETITION

On June 4, 2007, the *pro se* petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Upon an initial review of the petition, it appears that the petition might be untimely.

According to the petition, on November 16, 2000, the petitioner was convicted by the Circuit Court of Ohio County of 20 counts Sexual Assault in the Third Degree, 3 counts Filming Minors Engaged in Sexual Conduct, 1 count Conspiracy to Film Minor Engaged in Sexual Contact, 1 count Nighttime Burglary and 1 count Possession with Intent to Deliver Marihuana. Petition at 1. On December 5, 2000, the petitioner was sentenced to 53 to 155 years imprisonment. Id. The petitioner's direct appeal of his conviction and sentence was refused by the West Virginia Supreme Court of Appeals ("WVSCA") on April 1, 2004. Id. at 2. Petitioner states that he did not file for a Writ of Certiorari with the United States Supreme Court. Id.

On September 19, 2003, during the pendency of his direct appeal, the petitioner filed a petition for writ of habeas corpus in the Circuit Court of Ohio County. Id. The petitioner's state habeas was dismissed with prejudice on September 17, 2004. Id. at 3. The petitioner filed an appeal

of that decision to the WVSCA on March 4, 2004.  Id.  Although his appeal was refused, the petitioner asserts that he does not know the date of that decision.  Id.

Because the record as it now stands is insufficient to determine whether the instant petition is timely,[1] the respondent is directed to file an answer to the petition within **thirty (30) days** from the date of the entry of this Order.  The answer shall be limited to whether or not the petition is timely under the Antiterrorism and Effective Death Penalty Act of 1996.  The Respondent shall include with its answer, all pertinent state court records.  Should the Court find that the petition is timely, the Respondent will be given additional time to file a response on the merits.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order, along with a copy of the petition, to Dawn Warfield at the Attorney General's Office for the State of West Virginia.  The Clerk shall also send a copy of this Order to the *pro se* petitioner.

DATED: July 16, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner filed an appeal of his state habeas on March 4, 2004.  Although the petitioner does not know the date of the WVSCA's refusal of the appeal, the instant case was not filed until more than three years later.