IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SHAWN PETHTEL,**

    **Petitioner,**

v.                                         //     Civil Action No. 1:07cv74
                                                    (Judge Keeley)

**THOMAS MCBRIDE, Warden,**

    **Respondent.**

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On June 4, 2007, pro se petitioner Shawn Pethtel ("Pethtel") filed a petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody. The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and, if appropriate, a report and recommendation in accordance with Local Rule of Prisoner Litigation 83.13.

After the Magistrate Judge concluded that the petition was timely filed, the respondent, Warden Thomas McBride ("McBride"), filed an answer and a motion for summary judgment. Pethtel then filed a reply, following which Magistrate Judge Kaull issued his report and recommendation ("R&R") on July 21, 2008. In that R&R he recommended that the defendant's motion for summary judgment be granted and Pethtel's § 2254 petition be denied and dismissed with prejudice. Pethtel filed timely objections to the R&R on August 4, 2008.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court's review of the R&R of Magistrate Judge Kaull is <u>de novo</u>.

### I. Legal Analysis

Pethtel's § 2254 petition asserts two bases for relief. First, Pethel argues that his conviction should be overturned because the state court in which he was convicted, the Circuit Court of Ohio County, West Virginia, violated the Interstate Agreement on Detainers Act ("IADA"), W.Va. Code § 62-14-1 (1971) (codified federally as 18 U.S.C. App § 2). Second, Pethtel asserts a claim of ineffective assistance of counsel against his defense attorney.

### A. IADA Violation

In his R&R, Magistrate Judge Kaull fully reviewed the factual and procedural history of this case, and the Court will not repeat it here. In recommending that the Court grant the motion for summary judgment regarding the alleged IADA violation, the Magistrate Judge first acknowledged that it is "clear, and undisputed, that [the state court's] actions violated the anti-shuttling provision of the IADA." He found no relief available to Pethel, however, because, in the Fourth Circuit, violations of the anti-shuttling provisions of the IADA are not remediable on habeas review. See <u>Bush v. Muncy</u>, 659 F.2d 402, 409 (4th Cir. 1981).

In <u>Bush</u>, the Fourth Circuit first determined that the IADA is cognizable "federal law" that may be considered in a federal habeas petition. Although the IADA is federal law by compact, and thus is codified individually by the adopting states and Congress, the Fourth Circuit concluded that the IADA constitutes federal law for purposes of habeas review. 659 F.2d at 407.

The Court then specifically considered whether a violation of the "trial-before-return" provision of Article IV(e), also known as the "anti-shuttling" provision, could be "a fundamental defect which inherently results in a complete miscarriage of justice," or an "exceptional circumstance where the need for the remedy afforded by the writ of habeas corpus is apparent" as required for habeas relief by <u>Davis v. United States</u>, 417 U.S. 333, 346 (1974). Although it recognized the existence of a circuit split on the issue, and acknowledged that, if applicable, the remedy under the IADA for such a violation would be dismissal of the charges, our circuit court concluded that a violation of article IV(e) "does not constitute a fundamental defect entitling a petitioner to habeas relief under section 2254." <u>Bush</u>, 659 F.2d at 408.

Pethtel urges this Court to find that his case presents a unique set of circumstances that differ substantively from those presented in <u>Bush</u> and entitle him to habeas relief under the

3

exceptional circumstances prong of <u>Davis v. United States</u>. He argues that, in <u>Bush</u>, the petitioner had meaningful review of his IADA claims on direct appeal, but, here, his direct appeal was summarily denied by the West Virginia Supreme Court of Appeals, the sole state appellate court. Pethel also objects to Magistrate Judge Kaull's finding that he maintained meaningful contact with his counsel in West Virginia while being held in Ohio. According to Pethel, while being held in Ohio during the pendency of his West Virginia state case, he was unable to communicate effectively with his attorney and, thus, was unable "to work effectively on contacting alibi witnesses" or to "keep abreast of his co-defendant's plea negotiations."

The Court agrees with Magistrate Judge Kaull's conclusion that a violation of the IADA occurred in Pethel's case, and, after <u>de novo</u> review, also agrees that Pethel does not appear to have been afforded meaningful review on his direct appeal. Nevertheless, as Magistrate Judge Kaull correctly found, this Court's power to grant habeas relief under these circumstances is constrained by the Fourth Circuit's holding in <u>Bush</u> that a violation of the anti-shuttling provision of the IADA "does not constitute a fundamental defect entitling a petitioner to habeas

4

relief under section 2254." <u>Bush</u>, 659 F.2d at 408.  Accordingly, the Court **ADOPTS** the Magistrate Judge's R&R in this respect.

**B.   Ineffective Assistance of Counsel Claim**

Pethtel further argues that his counsel was ineffective for advising him to enter into a plea agreement on two charges, a burglary charge and a possession of marijuana charge, following his conviction at trial on twenty-four (24) sex related counts.  He argues that this advice was ineffective because the West Virginia Supreme Court of Appeals concluded, in reviewing Pethtel's state habeas petition, that his voluntary entry of a guilty plea to the burglary and possession charges constituted a waiver of all of his rights under the IADA as to those claims for which a plea had been entered.  <u>See</u> <u>Pethtel v. McBride</u>, 638 S.E.2d 727, 744 (W.Va. 2006).

After considering the totality of the circumstances under the two-prong test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), the Magistrate Judge concluded that Pethtel had failed to show that his counsel's performance fell below an objective standard of reasonableness.  As one basis for this finding, the Magistrate Judge noted that the United States Supreme Court decided <u>Alabama v. Bozeman</u>, 533 U.S. 146 (2001), seven months after Pethtel was sentenced.  He further concluded that, before the decision in <u>Bozeman</u>, Pethtel lacked a viable claim under West Virginia law for

the IADA violation, and, therefore, that Pethtel's counsel could not have been ineffective for advising Pethtel to enter into the plea, even if counsel had been aware that such plea would waive Pethtel's rights under the IADA as to those charges.

In his objection to this finding, Pethel argues that the state circuit court's violations of the IADA required dismissal of his case even before the Supreme Court's decision in Bozeman. In Bozeman, the Supreme Court held that a state cannot carve out an exception to the anti-shuttling provision of the IADA, no matter how de minimus the intrusion and despite good intentions, unless the defendant agrees to the shuttling and waives his rights under the IADA. 533 U.S. at 156-57.

In West Virginia, prior to Bozeman, a "best interest of the defendant" exception existed to the anti-shuttling provision. See State ex rel. Fetters v. Hott, 318 S.E.2d 446, 449 (W.Va. 1984) ("A transfer back to the sending jurisdiction, done in the prisoner's best interests, is not prohibited [by the Interstate Agreement on Detainers].") In considering Pethtel's arguments for dismissing the charges under the IADA, the state circuit court stated on the record that the decision to send Pethtel back to Ohio had been made

**PETHTEL V. MCBRIDE**                                                           1:07CV74

**ORDER ADOPTING REPORT AND RECOMMENDATION**

to protect Pethtel's best interest.[1]  Respondent's Ex. 12, p. 8. Thus, because Pethtel's counsel advised him to enter into the plea before the decision in <u>Bozeman</u>, his counsel would have reasonably concluded under existing West Virginia law that Pethtel would not likely have prevailed on a later appeal of his IADA claims.

Moreover, Pethtel's state habeas case represented the first time that the West Virginia Supreme Court explicitly enunciated its rule that entry into a plea agreement waives IADA claims.  <u>See</u> <u>Pethtel v. McBride</u>, 638 S.E.2d at 744.  Accordingly, this Court cannot find that Pethtel's attorney acted unreasonably in advising Pethtel to enter into a plea agreement, given that no explicit rule existed at that time warning a defendant that entering into a plea agreement would effectively waive any IADA anti-shuttling claims as to those counts on which the plea was grounded.

Finally, given that Pethtel's defense attorney objected to the IADA violations and argued for dismissal of the charges based on those violations, the Court agrees with the Magistrate Judge's conclusion that, after considering the totality of the

---

[1] The Court notes, as did Magistrate Judge Kaull, that the circuit court's ruling in this respect appears to be inconsistent with its earlier reasoning to send Pethtel back to Ohio pending trial.  At that original time, the circuit court stated that he was sending him back because "I don't want our county to have to pay the costs of keeping him."  Respondent's Ex. 4, p. 4.

circumstances, Pethel's counsel was not ineffective, and his claim for ineffective assistance of counsel must be dismissed.

## II. CONCLUSION

For the reasons stated, the Court **ADOPTS** the Magistrate Judge's R&R in its entirety (dkt. no. 22), **GRANTS** McBride's Motion for Summary Judgment (dkt. no. 13) and **DISMISSES WITH PREJUDICE** Pethel's § 2254 petition.  Any party wishing to appeal this decision to the Fourth Circuit Court of Appeals must apply for a certificate of appealability from this Court pursuant to 28 U.S.C. § 2253.

It is so **ORDERED**.

The Clerk is directed to transmit copies of the Order to counsel of record, and to the pro se petitioner by certified mail, return receipt requested.

DATED: September 25, 2008.

                                      /s/ Irene M. Keeley
                                      IRENE M. KEELEY
                                      UNITED STATES DISTRICT JUDGE